```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION

OWNERS INSURANCE COMPANY,        *

     Plaintiff,                  *

vs.                              *
                                       CASE NO. 4:14-CV-290 (CDL)
NICOLE LOPEZ, DANIEL LOPEZ, and  *
GRAYHAWK HOMES, INC.,
                                 *
     Defendants.
                                 *
```

O R D E R

Defendants Nicole and Daniel Lopez purchased a home constructed by Defendant Grayhawk Homes, Inc. ("Grayhawk"). After becoming dissatisfied with the quality of the construction, they brought a claim against Grayhawk. Grayhawk notified its liability insurance carrier, Owners Insurance Company ("Owners"), of the claim. Owners undertook the representation of Grayhawk under a reservation of rights. Owners now contends that it was not notified of the claim in a timely manner, and it seeks to be relieved of its responsibility to defend or indemnify Grayhawk in the underlying litigatqion. Presently pending before the Court is Owners' motion for summary judgment on its declaratory judgment claim. Alternatively, Owners motions for a preliminary injunction. Because the Court finds that a genuine factual dispute exists as to whether

Grayhawk notified Owners in a timely manner, Owners' motion for summary judgment (ECF No. 18) is denied.  Because the present record does not establish a substantial likelihood that Owners will prevail on its untimely notice contention, Owners is not entitled to a preliminary injunction.

## SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In determining whether a genuine dispute of material fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  A fact is material if it is relevant or necessary to the outcome of the suit.  *Id.* at 248.  A factual dispute is genuine if the evidence would allow a reasonable jury to return a verdict for the nonmoving party.  *Id.*

## BACKGROUND

The record viewed in the light most favorable to Defendants reveals the following:

Nicole and Daniel Lopez bought a home built by Grayhawk in August 2010.  Over two years later, in November 2012, the Lopezes noticed large cracks in the walls, baseboards, tile

floors, and exterior bricks. The Lopezes notified their builder, Grayhawk, of the problems with the home in January 2013. Grayhawk inspected the home and determined that it was "settling" due to soft soil. Def.'s Resp. to Mot. for J. on the Pleadings Attach. 1, Erickson Aff. ¶ 6, ECF No. 22-1. Grayhawk had previously encountered wet soil when it was constructing the Lopez home. Grayhawk hardened the soil by installing a drain system. Def.'s Resp. to Mot. for Summ. J. Attach. 1, Erickson Aff. ¶ 5, ECF No. 40-1. When the soft soil problem reemerged in 2013, the President of Grayhawk determined that it was "not unusual" and installed another drain system. *Id.* ¶ 6-7. After installing the second drain system, Grayhawk did not receive any more complaints from the Lopezes and therefore assumed that it had fixed the settling problem.

Grayhawk also believed that any remaining problems with the home would be resolved through the Lopezes' home warranty. Def.'s Resp. to Mot. for J. on the Pleadings Attach. 1, Erickson Aff. ¶ 9. The Lopezes filed a claim against their home warranty, Bonded Builder Warranty Group, for the settling problems in January 2013. The warranty group did a nine-month investigation of the Lopez home (from January through September 2013) and never indicated that it would deny coverage.

But on November 12, 2013, Grayhawk received a letter from the Lopezes stating that the warranty group denied coverage on

3

the Lopezes' claim and that the Lopezes intended to sue Grayhawk for the problems with the home.  *Id.* ¶ 11.  Fifteen days later, on November 27, 2013, Grayhawk notified Owners Insurance Company that the Lopezes might make a claim against it.

The Lopezes then brought an arbitration proceeding against Grayhawk on a variety of claims related to the problems with the home.  Owners has provided Grayhawk's defense in the arbitration under a reservation of rights.  Owners asks the Court to issue a declaratory judgment, or alternatively a preliminary injunction, relieving it of its duty to defend or indemnify Grayhawk in the arbitration.

## DISCUSSION

### I.   Motion for Summary Judgment

Grayhawk's insurance policy required it to notify Owners "as soon as practicable of an 'occurrence' . . . which may result in a claim."  Pl.'s Mot. for Summ. J. Ex. A., Policy 47, ECF No. 18-3.  Owners contends that Grayhawk knew of an "occurrence" in January 2013 when the Lopezes first notified Grayhawk of the problems with the home, and yet failed to notify Owners until ten months later, in November 2013.  Owners argues that the ten-month delay is unreasonable as a matter of law.  Because timely notice is a condition precedent to coverage under the policy, Owners asserts that it has no duty to defend Grayhawk in the arbitration proceeding.

4

In Georgia, "[a]s a general rule, limitations in insurance policies requiring the insured to report an incident 'as soon as practicable' are subject to a factual determination." *Newberry v. Cotton States Mut. Ins. Co.*, 242 Ga. App. 784, 785, 531 S.E.2d 362, 364 (2000) (quoting *Guar. Nat'l Ins. Co. v. Brock*, 222 Ga. App. 294, 295, 474 S.E.2d 46, 48 (1996)). Questions regarding timely notice are typically for a jury to resolve. "In many cases an insured may be able to present evidence of excuse or justification for the delay." *Gibson v. Dempsey*, 167 Ga. App. 23, 24, 306 S.E.2d 32, 33 (1983) (quoting *Richmond v. Ga. Farm Bureau Mut. Ins. Co.*, 140 Ga. App. 215, 220, 231 S.E.2d 245, 249 (1976)). "Whether the excuse or justification was sufficient and whether the insured acted diligently in giving the notice 'are generally questions of fact, to be determined by the jury, according to the nature and circumstances of each individual case.'" *Plantation Pipeline Co. v. Royal Indem. Co.*, 245 Ga. App. 23, 25, 537 S.E.2d 165, 167 (2000) (quoting *S. Tr. Ins. Co v. Clark*, 148 Ga. App. 579, 582, 251 S.E.2d 823, 827 (1978)).

Courts applying Georgia law have occasionally removed the timely notice question from the jury and decided that an insured's unexcused and significant delay in notifying their insurer was unreasonable as a matter of law. *See, e.g., Ill. Union Ins. Co. v. Sierra Contracting Corp.*, 744 F. Supp.2d 1349,

5

1352 (N.D. Ga. 2010) (finding a delay unreasonable as a matter of law because the insured did "not offer *any justification* for this nine-month delay") (emphasis added); *Richmond*, 140 Ga. App. at 220-22, 231 S.E.2d at 249-50 (concluding that an eight-month delay was unreasonable as a matter of law because the insured knew of the occurrence and delayed simply because the insured concluded that he was without fault).  This is not such a case.

Grayhawk asserts that it notified Owners soon after learning that the Lopezes intended to bring a claim against *it personally*.  Although Grayhawk became aware of the problems with the Lopezes' home in January 2013, Grayhawk contends that it believed that the warranty group would resolve any claim brought by the Lopezes.  The President of Grayhawk testified that he knew that the Lopezes filed a claim against their home warranty for the problems with the home. Def.'s Resp. to Mot. for J. on the Pleadings Attach. 1, Erickson Aff. ¶ 9.  Grayhawk assumed that the warranty group would cover the claim because the warranty group did a nine-month investigation of the Lopezes' home without ever indicating that it would deny coverage. Fifteen days after Grayhawk learned that the warranty group denied coverage and that the Lopezes intended to hold it liable for the problems with the home, it gave Owners notice of the claim.

Grayhawk also presents evidence that it believed that it had fixed the settling problem by installing another drain system. Grayhawk contends that this belief was reasonable because the drain system solved the soft soil problem that emerged during construction of the home, and because after Grayhawk installed the drain system in January, it received no further complaints from the Lopezes until November.[1]

Based on the present record, a genuine factual dispute exists as to whether Grayhawk gave Owners notice as soon as practicable. "[A]n insured is not 'required to foresee every possible claim, no matter how remote,' that might arise from an event and give notice of it to his insurer." *Forshee v. Emp'rs Mut. Cas. Co.*, 309 Ga. App. 621, 623, 711 S.E.2d 28, 31 (2011) (quoting *Guar. Nat'l Ins. Co. v. Brock*, 222 Ga. App. 294, 295, 474 S.E.2d 46, 48 (1996)). An insured is required only "to act reasonably under the circumstances." *Id*. A reasonable juror could conclude that Grayhawk acted reasonably when it notified Owners shortly after it learned that a claim may be asserted against *it personally*—not the warranty group—for the defects with the home. Georgia courts have found summary judgment inappropriate under similar facts. *See, e.g.*, *Newberry*, 242 Ga.

---

[1] Owners contends that it was unreasonable for Grayhawk to believe that the drain would solve all the problems with the Lopez home. Even assuming that the drain solved the wet soil problem, Owners contends that there is no way the drain could fix the cracks in the walls and baseboards. Whether Grayhawk's evidence is believable or persuasive is a question for the jury, not the Court.

7

App. at 785, 531 S.E.2d at 363-64 (reversing a trial court for granting summary judgment when an insured waited eleven months to notify his insurer of an occurrence because the insured had "actual knowledge that the plaintiff in the underlying lawsuit had filed a workers' compensation claim" and "believed that if a claim was filed, it would be handled through workers' compensation"); *Clark*, 148 Ga. App. at 582, 251 S.E.2d at 827 (finding a jury question when an insured waited sixteen months after an occurrence to notify his insurer because the insured believed that his employer's insurance would cover the claim).[2] The Court therefore denies Owners' motion for summary judgment.

## II. Motion for a Preliminary Injunction

As an alternative to summary judgment, Owners seeks a preliminary injunction relieving it of its obligation to defend Grayhawk. A preliminary injunction "is an extraordinary remedy." *Bloedorn v. Grube*, 631 F.3d 1218, 1229 (11th Cir. 2011). "A party seeking a preliminary injunction bears the

---

[2] The Court's analysis is not altered by the Georgia Court of Appeals' decision in *Richmond*, 140 Ga. App. at 220-22, 231 S.E.2d at 249. In *Richmond*, the insured's delay was unreasonable as a matter of law because the insured knew that an aggrieved party asserted a claim against him, and did not notify his insurer because he independently concluded "that he was free of fault and that there was no liability to the other party." *Id.* at 220, 231 S.E.2d at 249 (quoting *Bituminous Cas. Corp. v. J. B. Forrest & Sons, Inc.*, 132 Ga. App. 714, 717, 209 S.E.2d 6, 9 (1976)). Grayhawk, however, presents evidence that it believed that the warranty group would resolve the Lopezes' claim, and that Grayhawk's insurance policy would not be implicated. Grayhawk also presents evidence that it notified Owners shortly after learning that the Lopezes intended to bring a claim against it. Therefore, unlike *Richmond*, a genuine factual dispute exists as to whether Grayhawk acted reasonably.

burden of establishing its entitlement to relief." *Scott v. Roberts*, 612 F.3d 1279, 1290 (11th Cir. 2010). To prevail on a petition for a preliminary injunction, Owners must establish: (1) "a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to [Owners] outweighs whatever damage the proposed injunction may cause [Defendants]; and (4) if issued, the injunction would not be adverse to the public interest." *Bloedorn*, 631 F.3d at 1229.

The present record does not support a finding that Owners has a substantial likelihood of succeeding on the merits of its declaratory judgment action. It may ultimately succeed, but as discussed above, a reasonable juror could conclude that Grayhawk notified Owners of the Lopezes' potential claim as soon as practicable and that Owners is obligated to defend Grayhawk on this claim. The imposition of the extraordinary remedy of a preliminary injunction is not warranted under these circumstances. Accordingly, Owners' request for a preliminary injunction is denied.

CONCLUSION

A genuine factual dispute exists as to whether Grayhawk gave Owners timely notice of the Lopezes' claim against it. The present record also does not support a finding that Owners has a substantial likelihood of succeeding on the merits of its

9

declaratory judgment claim.  Accordingly, Owners is not entitled to summary judgment or a preliminary injunction, and its motion (ECF No. 18) is denied.

      IT IS SO ORDERED, this 15th day of September, 2015.

                                    S/Clay D. Land
                                    CLAY D. LAND
                                    CHIEF U.S. DISTRICT COURT JUDGE
                                    MIDDLE DISTRICT OF GEORGIA